[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO CITE IN PARTY DEFENDANT
Plaintiff in this case, Nancy A. Clifford, has brought an action against the defendant, Dorothy Kasper, for losses alleged to have arisen out of a motor vehicle accident that occurred on or about December 31, 1993. In this action, the plaintiff has alleged that she was a passenger in a motor vehicle owned and operated by her husband, which collided with a vehicle operated by the defendant Kasper. The plaintiff's husband, Bruce A. Clifford, has not been made a party to this action.
The defendant, Kasper, filed a Motion to Cite In a Party Defendant and has represented that Bruce A. Clifford has an interest in the controversy which is adverse to the plaintiff and that his presence is necessary for a complete determination of the matter in issue. In said motion she has alleged that said Bruce A. Clifford was negligent and that his negligence was a proximate cause of the injuries and damages to the plaintiff. The defendant moves that the plaintiff's complaint be amended to state facts showing the interest of Bruce A. Clifford in this action and that said Bruce A. Clifford be summoned to appear therein as a co-defendant.
The plaintiff, Nancy A. Clifford, has objected to the CT Page 3310 motion to cite in Bruce A. Clifford as a party defendant stating that there is no factual basis for the allegations against Bruce A. Clifford and that the defendant has alleged neither facts nor other evidence to form a basis for the belief that Bruce A. Clifford has an interest adverse to the plaintiff; is a necessary party to the determination of the questions involved or that he is potentially liable to the plaintiff.
The defendant's motion is based upon Tort Reform II, in particular Section 52-572h(c) of the Connecticut General Statutes which states:
 In a negligence action to recover damages resulting from personal injuries, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable non-economic damages except as provided in subsection g of this section.
The purpose of the motion is to assist in the apportionment of damages. There is no higher court case in Connecticut determining the correct procedure for apportioning damages in a case such as this. There is, however, a substantial conflict of authority in the Superior Court as to the correct procedure. One of the first questions discussed by the courts is whether section 52-102 or section 52-102a
C.G.S. is the appropriate vehicle. The courts have also discussed whether or not it is necessary to cite in another defendant as a party with full knowledge that that person will take no active part in the case. Others have discussed whether it is proper to force a plaintiff to bring suit against an additional individual. Some cases have discussed potential liability of the plaintiff for vexatious suit in such a case. Some plaintiffs feel that it is inappropriate to force a plaintiff to bring suit against an individual if that defendant in fact truly believes there is no negligence involving that person. Some plaintiffs argue that to force a plaintiff to cite in a second defendant with no thought of bringing in any evidence against that individual gives the defendant an advantage in that it weakens the plaintiff's case and strengthens the defendant's case. Some cases discuss CT Page 3311 whether or not it is necessary to force the plaintiff to amend its complaint. Some cases hold that since the only difference between section 572h(c) as it appears in Tort Reform I and Tort Reform II is the substitution of the word "party" for "person," it becomes necessary that a second defendant be made a party in order to conform to the statute and apportion damages. Some cases feel that it is sufficient to cite in a second defendant but without any need to amend the complaint and some cases seem to indicate that there is no need whatsoever to cite in a second defendant or to amend the complaint in order to apportion damages.
It is the opinion of this court that there is no requirement or need to cite in a second defendant or to amend the complaint in order to bring about a correct apportionment of damages. The issue of the liability of a defendant for damages and the assessment of a proportionate share of damages against her can be appropriately and properly raised by a simple denial and by an appropriate charge and verdict form in a jury trial. Sec. 164 of the Practice Book which provides for raising by a simple denial the title in a third person to what the plaintiff claims to be his own is broad enough to allow the defendant to raise the issue of negligence of another and offer proof of same and thus apportionment of damages.
There is no need to bring about the additional expense of serving a second defendant or the expense of having the plaintiff amend the complaint. There is no need to formally designate a person as a party defendant who from the outset would take no part in the case.
The objections of additional expense to plaintiff; liability for vexatious suits; weakening of plaintiff's case and the moral question of bringing suit against an individual whom the plaintiff is convinced has no liability are all met by the procedure advocated by this court.
The use of the word "party" in section 572h(c) has been overemphasized. In the opinion of this court the fact that the wording of the statute was changed from "person" to "party" does not require that a second defendant be cited in as party defendant. An examination of section 52-572h
indicates that it is primarily concerned with recovery; recovery of only a proportionate amount from those defendants CT Page 3312 who are found liable to the claimant. The word "party" is used interchangeably; sometimes indicating the person who is liable to the claimant, and sometimes used as a person to whom a percentage of negligence is to be ascribed even though the person is not to be held liable for same. Subsection (c) for example reads:
 . . . if the damages are determined to be proximately caused by the negligence of more than one party (anybody as to whom any percentage of negligence is ascribed by the fact finder), each party against whom recovery is allowed shall be liable to the claimant (here obviously a true party to the action, i.e. one who will be held liable) only for his proportionate share of the . . . damages . . . provided in subsection (g) of this section."
(Parentheses and underlining supplied.)
A reading of subsection (n) makes it clear that in the case of a settled or released person that person's percentage of negligence is to be taken into account and yet that person is not to be held liable and there is no indication that such person should be named as a party defendant. The "person" referred to in subsection (n) has the same status as the "party" first referred to in subsection (c). Subsection (b) in discussing contributory negligence refers to "the combined negligence of the person or persons against whom recovery is sought including settled or released persons." Thus equating a "party" as used in the second reference in subsection (c) to a "person" as used in subsection (n). (Underlining added.) The same is true of subsections (d) and (f). If the word party as used in subsection (c) is to be interpreted as requiring that a second defendant be cited in as a party defendant, then, since "party" as used in other sections includes a person who is released or settled, it would follow that those persons should also be cited in and thus far no one, least of all this court, is about to order such a result.
The motion to amend the complaint and cite in an additional party is denied.
Hale, State Trial Referee CT Page 3313